# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

---

**No. ACM 39300**

---

**UNITED STATES**
*Appellee*

**v.**

**Gabriel C. VILLANUEVA**
Senior Airman (E-4), U.S. Air Force, *Appellant*

---

Appeal from the United States Air Force Trial Judiciary

Decided 23 May 2018

---

*Military Judge:* J. Wesley Moore.

*Approved sentence:* Dishonorable discharge, confinement for 6 years, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 14 February 2017 by GCM convened at Ramstein Air Base, Germany.

*For Appellant:* Major Todd M. Swensen, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Matthew L. Tusing, USAF; Mary Ellen Payne, Esquire.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges.*

---

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

---

PER CURIAM:

Appellant providently pleaded guilty to attempted rape, aggravated sexual contact, and assault consummated by a battery, in violation of Articles 80,

120, and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 920, 928.[1] The military judge sitting as a general court-martial sentenced Appellant to a dishonorable discharge, confinement for 10 years, forfeiture of all pay and allowances, and reduction to E-1. Pursuant to a pretrial agreement, the convening authority only approved six years of confinement but otherwise approved the adjudged sentence.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant claims that his sentence is inappropriately severe given his acceptance of responsibility as demonstrated by his guilty pleas, his difficult upbringing and personal issues, and his responsibilities for his dependents. We disagree. Appellant violently attacked another Airman, choking her until she lost consciousness, and then he tried to rape her. We have given individualized consideration to the nature and seriousness of Appellant's crimes, all matters contained in the record of trial, and, importantly, Appellant. *See United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (en banc). Appellant's sentence is not inappropriately severe.

We also note that approximately 149 days elapsed between Appellant's sentencing and the convening authority's action. Although this delay is presumptively unreasonable, Appellant asserts no prejudice and we discern none from the record. *See United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006) (establishing presumption of unreasonable delay where the convening authority does not take action within 120 days of the completion of trial). Accordingly, we find no violation of Appellant's due process right to timely post-trial processing and appeal. *See id.* at 136. The delay was not so egregious as to undermine the appearance of fairness in Appellant's case and the integrity of our military justice system. *See United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Recognizing our authority under Article 66(c), UCMJ, 10 U.S.C. § 866(c), we considered whether relief for post-trial delay is appropriate in this case even in the absence of a due process violation. *See United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002) ("Appellate relief under Article 66(c) should be viewed as the last recourse to vindicate, where appropriate, an appellant's right to timely post-trial processing and appellate review."). After considering the factors enumerated in *United States v. Gay*, 74

---

[1] Although Appellant pleaded guilty to aggravated assault in violation of Article 128, UCMJ, the military judge found Appellant guilty by exceptions and substitutions of the lesser included offense of assault consummated by a battery, also in violation of Article 128.

M.J. 736, 744 (A.F. Ct. Crim. App. 2015),[2] *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), we find it is not.

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.


FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[2] These factors include: (1) how long the delay exceeded the standards set forth in *Moreno*; (2) what reasons, if any, the Government set forth for the delay, and whether there is any evidence of bad faith or gross indifference to the overall post-trial processing of this case; (3) whether there is evidence of harm to the appellant or institutionally caused by the delay; (4) whether the delay has lessened the disciplinary effect of any particular aspect of the sentence, and whether relief is consistent with the dual goals of justice and good order and discipline; (5) whether there is any evidence of institutional neglect concerning timely post-trial processing; and (6) given the passage of time, whether this court can provide meaningful relief in this particular situation.